### UNITED STATES v. MARKT.

(Circuit Court, S. D. New York. January 13, 1899.)

No. 2,535.

1. CUSTOMS DUTIES—CLASSIFICATION—WIRE BOLTING CLOTH.
    *Held,* that the provision in Tariff Act Aug. 28, 1894, c. 349, § 2, Free List, par. 407, 28 Stat. 538, for "bolting cloths, especially for milling purposes, but not suitable for the manufacture of wearing apparel," is not limited to bolting cloth composed of silk, but includes also bolting cloth made of fine copper-wire gauze.

Appeal from a decision of the Board of General Appraisers, reversing the classification by the collector of customs at the port of New York of merchandise imported by Markt & Co.

The reasons for the board's action appear from its opinion (G. A. 3635), as follows:

Sharretts, General Appraiser. The merchandise covered by this protest is fine copper-wire gauze. It was assessed for duty at 35 per cent. ad valorem, under Tariff Act Aug. 28, 1894, c. 349, § 1, Schedule C, par. 177, 28 Stat. 520, as a manufacture of metal. The appellants claim it is entitled to free entry

under the provision of paragraph 407 (section 2, Free List, 28 Stat. 538) for "bolting cloths, especially for milling purposes, but not suitable for the manufacture of wearing apparel." The board has made as careful an investigation regarding the proper classification of this material as the circumstances will permit. There seems to be some doubt touching the precise time when the merchandise came into use in this country. One of the witnesses testified, however, that he had been familiar with it for two years and a half, or prior to August 28, 1894. All of the witnesses agreed in their testimony that it was known as bolting cloth, or as copper-wire bolting cloth, and that it was made expressly for milling purposes, and was fit for no other use. This fabric seems to be a substitute for silk bolting cloth, the two being made of corresponding fineness of mesh. On the evidence, we find as a fact: (1) That the merchandise is commercially known as bolting cloth; that it was manufactured especially for milling purposes, and is not suitable for the manufacture of wearing apparel; (2) that it is a manufacture of metal; and we hold, in law, that the claim of the appellants is well founded. Paragraph 407 does not limit the free entry of bolting cloth to that which is composed of silk, but provides for bolting cloths presumably made of different materials, which term, we think, is broad enough to include all merchandise known as bolting cloth, not fit to be manufactured into wearing apparel, and made expressly for milling purposes. It is manifest that the intent of Congress was to favor the milling industry of this country by giving them free of duty the cloth used for bolting purposes; and we do not think that we can properly discriminate between bolting cloth made of silk and that which is made of other material. We sustain the protest, and reverse the collector's decision.

Henry C. Platt, Asst. U. S. Atty.

Comstock & Brown, for importers.

WHEELER, District Judge. The question is whether this copper-wire gauze is of "bolting cloths, especially for milling purposes, but not suitable for the manufacture of wearing apparel," under Tariff Act Aug. 28, 1894, c. 349, § 2, Free List, par. 407, 28 Stat. 538. That it is not suitable for wearing apparel is apparent. It is a kind of cloth, and, as such, is found to be used as bolting cloth for milling purposes; so it appears to come within the description of that paragraph.

Decision affirmed.